IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

WILLIE J. DOBSON,

                Plaintiff,                              ORDER

    v.

                                                                  14-cv-575-jdp

UNITED STATES OF AMERICA

                Defendant.

---

Pro se plaintiff Willie Dobson filed this lawsuit under the Federal Tort Claims Act, 28 U.S.C. § 1346, alleging violations of his rights while he was in custody of federal and Wisconsin correctional facilities. Plaintiff has moved for default judgment, but I must deny that motion because he has not successfully completed service on the United States of America. I will give him another chance to complete service.

On September 8, 2014, plaintiff was provided with the summons forms and a copy of Rule 4 of the Federal Rules of Civil Procedure for serving the United States of America. On September 17, 2014, plaintiff filed a document titled "proof of service on the defendant," in which he states that on September 13, 2014, he sent two copies of the summons and complaint to the United States Attorney General via certified mail. Plaintiff now moves for "judgment on this case," which the court construes as a motion for default judgment. Dkt. 8. Plaintiff has also filed two more motions for judgment which are essentially identical to the first. Dkts. 9, 10.

Plaintiff's motions are governed by Fed. R. Civ. P. 55(a), which authorizes entry of a default judgment "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise[.]"

Plaintiff argues that defendant is in default because it failed to respond to plaintiff's complaint. However, in addition to serving the United States Attorney General, which plaintiff did, he is also required to "(i) deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought or to an assistant United States attorney or clerical employee whom the United States attorney designates in a writing filed with the court clerk or (ii) send a copy of each by registered or certified mail to the civil-process clerk at the United States attorney's office" under Fed. R. Civ. P. 4(i)(1)(A). Nowhere in the record does plaintiff indicate that he completed service on the United States attorney for the Western District of Wisconsin. Accordingly, the court finds that service on the United States of America is insufficient under Rule 4 and plaintiff's motions for default judgment must be denied.

Although the 120-day period for service under Rule 4(m) has passed, because plaintiff is proceeding *pro se* and appears to have misunderstood the process of effectuating service, the court will exercise its discretion to extend the service deadline and order plaintiff to perfect service within 30 days. Plaintiff should be aware that if he does not properly serve defendant within that time, his lawsuit will be dismissed.

Plaintiff should also be aware that default judgment may be granted against the United States only if he can establish a claim or right to relief by evidence that satisfies the court. Fed. R. Civ. P. 55(d). Because the only allegations in his complaint against federal actors concern events that took place approximately 15 years ago, it is unlikely that I would grant default judgment in this case.

ORDER

IT IS ORDERED that:

1) Plaintiff Willie J. Dobson's motions for default judgment, Dkts. 8, 9, and 10, are DENIED.

2) Plaintiff is ordered to perfect service on the United States of America within 30 days of entry of this order. Failure to do so will result in dismissal of this lawsuit without prejudice pursuant to Fed. R. Civ. P. 4(m).

Entered April 7, 2015.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge