IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

WILLIE J. DOBSON,

                               Plaintiff,                               OPINION & ORDER

    v.

                                                                     14-cv-575-jdp

UNITED STATES OF AMERICA,

                              Defendant.

---

      Pro se plaintiff Willie J. Dobson, a former prison inmate, seeks damages for various harms he alleges he incurred during a period of incarceration spanning from 2000 to 2013. He brings this suit against the United States of America pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671-80 (FTCA). Plaintiff alleges that unnamed prison employees exposed him to x-ray radiation without the benefit of protective gear, that the Bureau of Prisons and the Wisconsin Department of Corrections falsely imprisoned him in multiple correctional institutions, and that a number of his personal belongings went missing while in the custody of the Wisconsin Department of Corrections.

      Defendant has moved to dismiss this action under Federal Rules of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted and 12(b)(3) for improper venue. In the alternative, defendant has moved to transfer the case to the Eastern District of Wisconsin, contending that venue in the Western District is improper under the FTCA's venue provision. Plaintiff opposes the motion to dismiss. I will dismiss plaintiff's complaint because those claims related to state facilities do not state a claim against the United States and the claims against the United States would be barred by the statute of limitations in the FTCA.

ALLEGATIONS OF FACT

On a motion to dismiss for failure to state a claim upon which relief can be granted, I must accept the complaint's factual allegations as true and draw reasonable inferences from those allegations in plaintiff's favor. *Antonelli v. Sheahan*, 81 F.3d 1422, 1427 (7th Cir. 1996) (quoting *Arazie v. Mullane*, 2 F.3d 1456, 1465 (7th Cir. 1993)). Accordingly, I take the following facts from plaintiff's complaint.

On April 15, 2000, while plaintiff was in the custody of the Federal Bureau of Prisons (BOP) at the Federal Transfer Center in Oklahoma, BOP personnel x-rayed plaintiff without providing him sufficient radiation protection. BOP personnel then held plaintiff "illegally"—presumably in a type of cell reserved for certain sections of the prison population that did not include plaintiff—and when plaintiff requested complaint forms, he never received any.

Three days later, on April 18, 2000, the BOP transferred plaintiff to the Federal Correctional Institution in Terre Haute, Indiana (FCI Terre Haute). BOP personnel held plaintiff on "death row"—again, presumably contrary to his population status—and again denied plaintiff complaint forms.

On April 21, 2000, plaintiff left federal custody and began a series of transfers to and between state-run prison facilities. Plaintiff was transferred from FCI Terre Haute to the Wisconsin Secure Program Facility (WSPF), where he spent 11 years in "administrative punitive confinement." He remained in "administrative punitive confinement" following a transfer to Racine Correctional Institution (RCI) on June 15, 2011. Plaintiff was then transferred to Waupun Correctional Institution (WCI), where a number of his personal belongings went missing, without explanation, including his law books, legal research, a number of legal handbooks, administrative complaint forms, and "other legal documents."

Upon his release from prison in June 2013, plaintiff appears to have filed a "torts claim"—which may refer to an administrative complaint, but plaintiff's allegations are sparse and unclear.[1] He filed a complaint with this court on August 19, 2014.

ANALYSIS

Plaintiff alleges tort claims against the United States, the sole defendant, pursuant to the FTCA. The FTCA provides a limited waiver of the federal government's sovereign immunity from tort suits. 28 U.S.C. § 1346(b)(1). "The FTCA exposes the United States to tort liability 'in the same manner and to the same extent as a private individual[.]'" *McCall ex rel. Estate of Bess v. United States*, 310 F.3d 984, 986 (7th Cir. 2002) (quoting 28 U.S.C. § 2674).

Defendant contends that I should dismiss plaintiff's claims because: (1) plaintiff alleges only vague, unspecified torts and not specific injuries; (2) applicable statutes of limitations bar many of plaintiff's claims; and (3) a number of the alleged torts took place in state-run facilities and did not involve federal employees (i.e., defendant is not responsible for those actions). Plaintiff responds to defendant's motion by restating the allegations advanced in his complaint; plaintiff does not directly respond to any of defendant's arguments, nor does he offer any additional facts or arguments in support of his claims.

A motion to dismiss pursuant to Rule 12(b)(6) tests the complaint's legal sufficiency. To state a claim upon which relief can be granted, a complaint need only provide a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P.

---

[1] Plaintiff's complaint gives a brief timeline of his filings, stating that he filed a tort claim on June 16, 2013, and that "tort claim #TRT-NCR-2013-06775" was "received" shortly thereafter. Plaintiff has not provided any additional information regarding this tort claim.

8(a)(2). Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). I construe a pro se litigant's allegations liberally. *Antonelli*, 81 F.3d at 1427 (quoting *Wilson v. Civil Town of Clayton*, 839 F.2d 375, 378 (7th Cir. 1988)).

Construing plaintiff's allegations liberally, plaintiff alleges claims for battery (radiation exposure), medical malpractice (radiation exposure), false imprisonment (being held "illegally" in improper cells in multiple facilities), and deprivation of property (missing legal materials). He describes the wrongdoing prison personnel allegedly committed, without great detail but with sufficient specificity that I am able to understand generally what happened. I will assume, solely for purposes of this motion, that plaintiff has sufficiently pleaded tort claims. Nonetheless, I will dismiss plaintiff's complaint because: (1) the events that occurred while plaintiff was in state custody do not state a claim against the United States; and (2) plaintiff's claims arising from the events that occurred while he was in federal custody are barred by the statute of limitations applicable to actions under the FTCA.

**A. Tort claims in state custody**

Plaintiff's claims related to events that occurred in state facilities (WSPF, RCI, WCI) do not state a claim against defendant. Under the FTCA, individuals may bring suits against the United States for torts "caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment." 28 U.S.C. § 1346(b)(1). An "employee of the Government" includes "officers or employees of any federal agency . . . and persons acting on behalf of a federal agency in an official capacity[.]" 28 U.S.C. § 2671; *see also Ezekiel v. Michel*, 66 F.3d 894, 899 (7th Cir. 1995).

Because plaintiff does not allege that the acts committed against him at WSPF, RCI, or WCI—facilities operated by the Wisconsin Department of Corrections—were committed by federal employees, I will dismiss those claims.

**B. Tort claims against the United States**

Plaintiff's remaining claims occurred in federal institutions in 2000. Defendant contends that these claims, although properly alleged against the United States, are time barred. Defendant cites the statutes of limitations under Oklahoma and Indiana state law, which require that individuals bring tort claims within two years of the action complained of.

Defendant has cited the wrong statutes of limitations. Because plaintiff brings his claims under the FTCA, that statute's two-year limitation period applies. 28 U.S.C. § 2401(b); *see also United States v. Kubrick*, 444 U.S. 111, 117 (1979) (The FTCA "waives the immunity of the United States" and its limitations provision "is a condition of that waiver."). Before initiating a suit in federal district court, the FTCA requires: (1) a plaintiff to file an administrative complaint with the appropriate federal agency within two years of accrual of the claim; and (2) that the agency deny the claim. 28 U.S.C. §§ 2401(b), 2675(a). However, the FTCA's "savings provision" allows a plaintiff's claim to proceed as though it were timely if he filed a civil action within two years of his claim's accrual and presented the administrative complaint to the appropriate federal agency within 60 days of his claim's dismissal from district court (for failure to present the claim to the appropriate administrative agency). *See Arroyo v. United States*, 656 F.3d 663, 668 (7th Cir. 2011); *see also* 28 U.S.C. § 2679(d)(5).

Plaintiff does not address the statute of limitations at all. Nothing in the record before me confirms, or even suggests, that plaintiff has presented his claims to the appropriate

federal agency and that the agency then denied those claims. The only hint of an administrative claim is plaintiff's passing reference to his "tort claim." However, even if I were to assume that plaintiff filed this "tort claim" with the appropriate federal agency on June 16, 2013, and that the BOP subsequently denied that claim before plaintiff filed his complaint here, plaintiff did not file that administrative complaint within two years of his claims' accrual. FTCA claims accrue when the plaintiff discovers, or a reasonable person in plaintiff's position would have discovered, that his injury is attributable to the government. *E.Y. ex rel. Wallace v. United States*, 758 F.3d 861, 865 (7th Cir. 2014). All of the injuries plaintiff alleges he incurred in federal custody—whether attributable to battery, medical malpractice, or false imprisonment—occurred in 2000. Plaintiff does not allege that he did not immediately discover: (1) his injuries, or (2) that those injuries were attributable to government action. Thus, under the FTCA's two-year limitation, plaintiff would need to have filed his administrative claim by 2002.

The savings provision cannot help plaintiff, either. Assuming that plaintiff did not exhaust his administrative remedies before filing this case, plaintiff did not initiate this case within two years of his claims accruing. I must dismiss plaintiff's federal tort claims against the United States as time barred.

ORDER

IT IS ORDERED that:

1. Defendant United States of America's motion to dismiss, Dkt. 14, is GRANTED, and plaintiff's claims against the United States are dismissed with prejudice.

2. The clerk of court is directed to enter judgment for defendant and close this case.

Entered March 16, 2016.

                                              BY THE COURT:

                                              /s/

                                              _____
                                              JAMES D. PETERSON
                                              District Judge